UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

**PATRICK MCALLISTER,**

                        Debtor.

Case No. 15-22486 (RDD)

Chapter 7

---------------------------------------------------------x
NORTHERN WESTCHESTER SURGICAL
ASSOCIATES, LLP.

                        Plaintiff

        -against-

PATRICK MCALLISTER

                        Defendant

ADVERSARY no.:15-08339

---------------------------------------------------------x

## DEBTOR'S MOTION FOR SUMMARY JUDGMENT

**PATRICK MCALLISTER**, debtor/defendant in an adversary proceeding (the "**Debtor**"), by and through his counsel, hereby files this motion (the "**Motion**") for the entry of an order for summary judgment.

## DEBTOR'S BANKRUPTCY BACKGROUND

1. On April 13, 2015 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

2. On July 8, 2015, the Chapter 7 Trustee filed her report of no distribution.

3. The Debtor is an individual, who is unemployed and disabled receiving pension and social security income.

4. On July 28, 2015, Northern Westchester Surgical Associates, LLP ("**Plaintiff**") filed a summons and complaint which started an adversary proceeding to find

Debtor's debt to Plaintiff in the amount of approximately $17,747.14, plus interest (the "**Debt**" or "**Insurance Proceeds**") to be non-dischargeable under 11 U.S.C. §523(a)(4) and (6) of the Bankruptcy Code.

5. Debtor filed his answer to the motion on August 27, 2015.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) in that it is a matter concerning the administration of a bankruptcy estate and the dischargeability of a debt.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The predicates for relief sought herein are §§ 105(a) and 542 of the Bankruptcy Code.

## FACTS OF THE CASE

9. The facts relating to this case are largely undisputed.

10. Defendant was married to Elizabeth McAllister at all relevant times and he provided healthcare coverage to her through his employer.

11. Debtor received $17,747.14 in checks from Debtor's healthcare insurance company, the Empire Plan[1] ("**Insurance Company**"), which he deposited into his personal Citibank checking account.

  12. Debtor became estranged from his wife in March of 2014 and their relationship was at best strained with very little communication after their

---

[1] Plaintiff has stated that the insurance company was United Healthcare, while the checks issued to Debtor say the Empire Plan.

separation.

13. Debtor was estranged from his wife at the time the medical services were being rendered and was not advised regarding the nature of those services at the time.

14. Debtor's deposition transcript is attached hereto as **Exhibit A**, which testimony is devoid of any indication of fraud, defalcation while acting in a fiduciary capacity, embezzlement, larceny or willful and malicious injury by the debtor to another entity or to the property of another entity.

**ARGUMENT**

**15. Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings. Fed. R. Bankr. P. 7056. Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense-or the part of each claim or defense-on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when it "might affect the outcome of the suit under the governing law…. Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute

3

about a material fact is genuine if there is sufficient evidence upon which "a reasonable jury could return a verdict for the nonmoving party." See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Wilson v. NW Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010). It is the moving party's burden to establish the absence of any genuine issue of material fact. *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). Further, the opposing party must do more than to "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industries Co. v. Zenith Radip Corp.*, 475 U.S.574, 586 (1986). In deciding a motion for summary judgment, the Court need only consider admissible evidence. *Nora Bevs., Inc. v. Perrier Grp. Of Am. Inc.*, 164 F.3d 736, 746 (2d Cir. 1998). In this case, there are no material issues of fact that, if resolved in favor of the Plaintiff, would preclude the Debtor from judgment as a matter of law. Material facts are "facts that might affect the outcome of the suit under the governing law," and those facts raise a genuine dispute when the "evidence [in dispute] is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*

## 16. Dischargability

Plaintiff in its complaint claims in its First Cause of Action (1) "that the diversions of said trust funds made by McAllister as hereinabove described constituted a breach of the obligation(s) and responsibilities of McAllister, as trustee of these funds with the obligations and responsibilities to reimburse Plaintiff." And in its Second Cause of Action: (2) that the Insurance Proceeds constituted trust funds and that a diversion of the Insurance Proceeds constitutes a violation of the policy of insurance and breach of the

4

fiduciary duty owed by Debtor to Plaintiff. Plaintiff only references 11 U.S.C §§523(a)(4) and (6) and 11 U.S.C. § 727(2)(4)[2].

11 U.S.C. §523, in pertinent part states that

> (a) a discharge under section 727…of this title does not discharge an individual debtor from any debt-
>     (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
>     (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

Plaintiff also has indicated that it believes that a constructive trust under New York law was created and that Debtor violated that trust and therefore the debt is non-dischargeable.

### 17. 11 U.S.C. § 523(a)(4); Fraud or Defalcation.

While Plaintiff's legal assertions as to why the Debt should be non-dischargeable are not entirely clear in its complaint, its Summary Judgment Motion propounds a theory for having the Debt declared non-dischargeable based upon New York State Law and the imposition of a constructive trust. Plaintiff cites several New York cases regarding its constructive trust theory. However, Plaintiff never asserts how a constructive trust would make the Debt non-dischargeable. Assuming that Plaintiff is asserting that 11 U.S.C. § 523(a)(4) applies, the elements of this provision are not met. "When determining the dischargeability of a debt under Code § 523(a)(4), 'there is no need to consider whether debtor has committed "fraud or defalcation" unless it is first determined that debtor was "acting in a fiduciary capacity".'" *In re Siddell*, 191 B.R. 544, 551 (Bankr. N.D.N.Y.

---

[2] Presumably the section of the Bankruptcy Code that Plaintiff is referring to is 11 U.S.C. §727(a)(4).

5

1996) quoting *In re Turner*, 134 B.R. 646 (Bankr. N.D. Okla. 1991)). The meaning of "fiduciary capacity" under Section 523(a)(4) is determined by federal law and is very limited. *Zohlman v. Zoldan*, 226 B.R. 767, 772 (S.D.N.Y. 1998). "Section 523(a)(4) applies only to express or technical trusts. Constructive or implied trusts, or any trust where the existence of the trust is created merely on the basis of wrongful conduct. . . do not create a fiduciary relationship." *Id.* "To satisfy the fiduciary capacity requirement, the plaintiff must prove that: (1) a technical or express trust was established; (2) the trust relationship pre-existed the debt's creation; and (3) the debt was generated within the scope of the fiduciary relationship." *In re Guthier*, 2010 WL 1443989, at *5 (Bankr. N.D.N.Y. Apr. 9, 2010). Determining whether an express or technical trust exists is a matter of state law. *Zohlman v. Zoldan,* 226 B.R. at 773. "An express trust 'is initiated by one entity's transfer of property to another entity coupled with a manifestation of an intention to create a trust.'" *In re Parker*, 388 B.R. 11, 18 (Bankr. N.D.N.Y. 2008)(quoting *In re Suarez*, 367 B.R. 332,351 (Bankr. E.D.N.Y. 2007)). Here, there is no evidence that Plaintiff intended to create a trust. Technical trusts are those trusts in which the trustee's "obligations are imposed pursuant to statute or common law." *In re Schulman,* 196 B.R. 688,697 (Bankr. S.D.N.Y. 1996). Plaintiff has failed to cite to any statute or case that establishes that the sending of insurance checks by an insurance company to the insured creates a trust. In this case a perusal of the checks in question show that they were made payable to Patrick McAllister without restriction. (**Exhibit B**-Insurance Checks). Accordingly, no common law trust existed nor was one implied. Judge Scarcella in a recent case quoted the Zohlman case as follows: "Constructive or implied trusts, or any trust where the existence of the trust is created merely on the basis

of wrongful conduct (a trust ex maleficio) do not create a fiduciary relationship. Put another way (sic), the fiduciary relationship must exist prior to the act creating the debt; a trust relationship cannot be said to arise merely from the wrongful conduct itself." *Sohlman v. Zoldan*, 226 B.R. 767, 772 (D.D.N.Y. 1998)." *In re Castagnola*, (Bankr. E.D. N.Y., 2017). However, even if there was a constructive trust there is no indication in the record as to fraud or defalcation while acting in a fiduciary capacity and Plaintiff has not alleged that there was fraud or defalcation.

18. **11 U.S.C. §523(a)(4) Embezzlement.**

While Plaintiff did not directly raise the issue of embezzlement, Debtor notes its inapplicability to the present case. For the purposes of Section 523(a)(4), "the term 'embezzlement' is to be determined under federal common law." *In re Bevilacqua*, 53 B.R. 331,333 (Bankr. S.D.N.Y. 1985). According to federal common law, "[t]o prove embezzlement the claimant must show that the debtor appropriated the funds for his own purposes and that he did so with fraudulent intent or deceit." *Id.* at 334. The record (deposition transcript found at Exhibit A) is absent a showing of fraudulent intent or deceit, and such is not alleged by Plaintiff.

19. **11 U.S.C. §523(a)(4); Larceny.**

While Plaintiff did not directly raise the issue of larceny, Debtor has addressed it as follows. For purposes of § 523(a)(4), larceny is defined as the "fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner." *In re Crossfield*, No. 8-11-72505-REG, 2012 WL 3637919, at *5 (Bankr. E.D.N.Y. Aug. 22, 2012) (quoting *In re*

7

*Balzano,* 127 B.R. 524, 532 (Bankr. E.D.N.Y. 1991)). To bring a claim for larceny, a plaintiff "must show that the debtor 'wrongfully took property from the rightful owner with fraudulent intent to convert such property to [the debtor's] own use without the owner's consent.'" *In re Nofer*, 514 B.R. at 357 (quoting *Dynamic Food Serv. Equip.*, *v. Stern* (*In re Stern*), 231 B.R. 25 (Bankr. S.D.N.Y. 1999); *see Bullock* 133 S. Ct. at 1760 ("larceny requires taking and carrying away another's property"). Larceny cannot exist "where the debtor's original possession of the [property] was lawful." *In re Crossfield*, 2012 WL 3637919, at *5; *In re Henderson*, 423 B.R. at 625("Where payments are lawfully received pursuant to a contract, as they were in the instant case, larceny cannot exist for purposes of § 523(a)(4)"); 4 *Collier* ¶ 523.10[2] ("As distinguished from embezzlement, the original taking of the property must be unlawful.") (footnote omitted). Additionally, larceny requires a showing of fraudulent intent, *see In re Nofer*, 514 B.R. at 357, which must exist at the time of the original taking, *see In re Hyman*, 502 F.3d 61 (2d Cir. 2007); *Adamo v. Scheller* (*In re Scheller*), 265 B.R. 39, 53 (Bankr. S.D.N.Y. 2001). As such, where a plaintiff brings a claim for larceny under § 523(a)(4), the complaint must satisfy the heightened pleading requirements under Fed. R. Civ. P. 9(b). *In re Nofer*, 514 B.R. at 357; *In re Ippolito*, No. 12-70632-AST, 2013 WL 828316 (Bankr. E.D.N.Y. Mar. 6, 2013); *Santaro v. Sgroi*, No. 5:10-CV-357, 2010 WL 3825643 (N.D.N.Y. Sept. 24, 2010). While "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally," Fed. R. Civ. P. 9(b), "the heightened pleading standard requires a plaintiff to support allegations with facts which give rise to a 'strong inference' of fraudulent intent." *In re Nofer*, 514 B.R. at 356. "A strong inference of fraudulent intent 'may be established either by (a)

alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.'" *Landesbank Baden-Wurttemberg v. Goldman*, *Sachs & Co.*, 478 F. App'x 679, 681 (2d Cir. 2012) (quoting *Lerner v. Fleet Bank*, *N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006)). In this instance Plaintiff has not plead larceny and does not claim that there was larceny in the present circumstances.

20. **11 U.S.C. §523(a)(6).Willful and malicious injury.**

Section 523(a)(6) provides, "A discharge under [certain listed sections] of this title does not discharge an individual debtor from any debt…for willful and malicious injury by the debtor to another entity or the property of another entity." "The word 'willful' in (a)(6) modifies the word 'injury,' not merely a deliberate or international act that leads to injury". *Kawaauhau v. Geiger*, 523 U.S. 57,61 (1998). "[A] willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice." *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332 (1934).

There is no evidence of a willful intent to injure Plaintiff, let alone any evidence whatsoever of malice. Accordingly, 11 U.S.C. §523(a)(6), does not apply as a reason to declare the Debt non-dischageable.

**21. 11 U.S.C. § 727.**

Plaintiff makes reference to Section 727(2)(4) in its complaint and Sections 727 (2)(B) and (3)(B) in its Summary Judgment Motion. These sections are misnamed and it is hard

to determine the intent as to the appropriate section Plaintiff was attempting to refer. In any event, Section 727. Discharge, states in part that

(a) The court shall grant the debtor a discharge, unless-

    (1) the debtor is not an individual;

    (2) the debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred removed, destroyed, mutilated, or concealed, or has permitted to be transferred removed, destroyed, mutilated, or concealed-

        (A) property of the debtor, within one year before the date of the filing of the petition; or

        (B) property of the estate, after the date of the filing of the petition.

In reviewing Section 727, none of the provisions are applicable and none have been plead.

### 22. Conclusion.

Based upon the record in this case, it is clear that there is no evidence supporting a finding of non-dischargeability. Plaintiff has the burden of proof and has failed to specifically plead necessary elements of Sections 523 and 727 required for a finding of non-dischargeability. "A primary purpose of the bankruptcy law is to grant a fresh start from the weight of oppressive indebtedness to the honest but unfortunate debtor. (*cites omitted*)." *In re Ko Yoshida*, 435 B.R. 102 (E.D.N.Y. 2010). Accordingly, this Court should find in favor of the Debtor and grant summary judgment.

**WHEREFORE,** for the reasons set forth herein, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto and grant such other and further relief to the Debtor as is just and proper.

Dated: Harrison, NY
      July 27, 2018                                 /s/: H. Bruce Bronson
                                                         H. Bruce Bronson, Esq.
                                                         Bronson Law Offices, P.C.
                                                         480 Mamaroneck Ave.
                                                         Harrison, NY 10528
                                                         914-269-2530
                                                         hbbronson@bronsonlaw.net

# TABLE OF AUTHORITIES

**Cases**

*Adamo v. Scheller* (*In re Scheller*), 265 B.R. 39, 53 (Bankr. S.D.N.Y. 2001)……………8

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)…………………………….3,4

*In re Bevilacqua*, 53 B.R. 331,333 (Bankr. S.D.N.Y. 1985)……………………...………7

*In re Castagnola*, (Bankr. E.D. N.Y., 2017)……………………………….……..7

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)…………………………………….3

*In re Crossfield*, No. 8-11-72505-REG, 2012 WL 3637919……………………………..7
(Bankr. E.D.N.Y. Aug. 22, 2012)

*Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332 (1934)……………………………9

*In re Guthier*, 2010 WL 1443989, at \*5 (Bankr. N.D.N.Y. Apr. 9, 2010)………………..9

*In re Henderson*, 423 B.R. at 625……………………………………………………….8

*In re Hyman*, 502 F.3d 61 (2d Cir. 2007)……………………………………………….8

*In re Ippolito*, No. 12-70632-AST, 2013 WL 828316 (Bankr. E.D.N.Y. Mar. 6, 2013)….8

*Kawaauhau v. Geiger*, 523 U.S. 57,61 (1998)………………………………………….9

*In re Ko Yoshida*, 435 B.R. 102 (E.D.N.Y. 2010)……………………………….……10

*Landesbank Baden-Wurttemberg v. Goldman, Sachs & Co.*, 478 F. App'x 679,
681 (2d Cir. 2012) ………………………………………………………………………..9

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006)…………………………9

*Matsushita Elec. Industries Co. v. Zenith Radip Corp.*, 475 U.S.574, 586 (1986)……….4

*In re Nofer*, 514 B.R 346 (E.D.N.Y. 2014)……………………………………………..8

*Nora Bevs., Inc. v. Perrier Grp. Of Am. Inc.*, 164 F.3d 736, 746 (2d Cir. 1998)…………4

*In re Parker*, 388 B.R. 11, 18 (Bankr. N.D.N.Y. 2008)…………………………………..6

*Santaro v. Sgroi*, No. 5:10-CV-357, 2010 WL 3825643 (N.D.N.Y. Sept. 24, 2010)…….8

*In re Suarez*, 367 B.R. 332,351 (Bankr. E.D.N.Y. 2007)……………………………………6

*In re Schulman,* 196 B.R. 688,697 (Bankr. S.D.N.Y. 1996)………………………………...6

*Sohlman v. Zoldan*, 226 B.R. 767, 772 (D.D.N.Y. 1998)…………………………………6

*In re Siddell*, 191 B.R. 544, 551 (Bankr. N.D.N.Y. 1996)………………………………..8

*In re Turner*, 134 B.R. 646 (Bankr. N.D. Okla. 1991)………………………………………6

*Wilson v. NW Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)……………………………..4

*Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010)…………...4

*Zohlman v. Zoldan*, 226 B.R. 767, 772 (S.D.N.Y. 1998)…………………………………6

**Statutes and Rules**

28 U.S.C. §§ 157………………………………………………………………………………2
11 U.S.C. § 523……………………………………………………………………*Passim*
11 U.S.C. § 727…………………………………………………………………...5, 9,10
Fed. R. Civ. P. 56………………………………………………………………………….3
Fed. R. Civ. P. 9(b)…………………………………………………………………......8
Fed R. Bankr. P. 7056……………………………………………………………………….3

**Miscellaneous**

4 Collier 523.10[2]…...…………………………………………………………………8